## JOSEPH *v.* MARSHALL FIELD & COMPANY.

[No. 14,607.   Filed May 18, 1933.   Rehearing denied September 28, 1933.]

*W. J. Sprow,* for appellant.

*Ristine & Ristine* and *Frank G. Davidson,* for appellee.

SMITH, J.—This action was brought by appellee against appellant for damages for fraudulent representation. The complaint was in one paragraph, and alleges that on the 15th day of October, 1928, appellee sold to the Burton Ready-To-Wear Shop at Crawfordsville, Indiana, certain goods; that the appellant falsely represented to appellee that he was the owner of the store; that, relying upon this representation, appellee extended credit to said store; that from July, 1929, to January, 1930, appellee sold to said store goods amounting to $1,873.09 of which $336.14 was paid during that period.

To this complaint, appellee filed answer in general denial. The case was submitted to the court and a jury

for trial, and a verdict returned in the sum of $1,536.95.

Appellant seasonably filed its motion for new trial, the overruling of which is the only error assigned in this court.

There are three grounds stated in the motion for a new trial: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the court erred in giving each of the instructions numbered 1 to 17 inclusive, on its own motion.

There is no question presented upon the third ground for new trial because the instructions are not set out in appellant's brief and the alleged error is not urged by appellant. The only questions left to be determined are that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law.

The jury having found for the appellee, its verdict will not be disturbed by this court where we would be required to weigh the evidence.

Taking appellant's evidence in this case and viewing it in the most favorable light, we think there is sufficient evidence to sustain the verdict of the jury, and that the verdict is not contrary to law.

One Elmgren, the credit man for appellee, testified on its behalf that the appellant and one Burton called at appellee's store in October, 1928, and asked to open an account for a store called Burton Ready-To-Wear Shop; that appellant told him that they (meaning the appellant and a Miss Burton) were investing $7,000.00 in the business and had that much in it, and that, as a matter of fact, he (appellant) was the owner of the business. Thereafter, upon the strength of these representations, appellee extended credit to the Burton Ready-To-Wear Store with the result that said store became indebted to appellee in the amount aforesaid.

Appellant urges that there is not sufficient evidence to sustain the verdict for the reason that said witness, Elmgren, on re-cross-examination, stated that he would have extended credit to the appellant had he not made the statement about owning the store; that he, Elmgren, would have extended credit to him (Joseph) regardless of whether he said he owned the store or not. On direct examination, Elmgren, said that he believed appellant's statement to be true when he said it was his business and his store; that he relied on that statement, and that was the reason credit was extended to the Burton Ready-To-Wear Shop; that he would not have extended credit to this shop if it had not been for appellant's statement that he was the owner of that place.

Appellant argues with much force, that, because appellee's agent had said that he would have extended credit to appellant, even if he had not made the statement about owning the store, shows that one of the material elements to constitute fraud is lacking, that appellee relied solely upon the statement made to it by appellant, and that it is irreconcilable with his other statements made upon direct examination.

A careful analysis of the evidence on behalf of appellant shows no irreconcilable conflict in the statements. The fact that the appellee would have extended credit to the appellant regardless of whether he owned the store or not is not in conflict with the statement that he extended credit to the Burton Ready-To-Wear Shop upon the representation that the appellant was the owner of the store, and that they would not have extended credit to this store if it had not been for the statement of appellant that he was the owner thereof.

There is ample testimony to support the verdict of the jury, and it is not contrary to law.

The trial court did not err in overruling appellant's motion for a new trial. Judgment affirmed.